IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BIPIN S.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-456**  (Fam. Ct. Berkeley Cnty. Case No. FC-02-2024-D-343)

**LAURA I.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bipin S.[1] ("Father") appeals the Family Court of Berkeley County's November 10, 2025, Final Divorce Order, which granted him less than an equal 50-50 allocation of custodial responsibility. Respondent Laura I. ("Mother") filed a response in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order entered November 10, 2025, is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married in November of 2020, and share one child, born in 2021. Mother filed for divorce on May 16, 2024, and the family court held an initial hearing on August 6, 2024, at which the parties agreed to a temporary equal (50-50) custodial allocation of their minor child. Over the next year, the family court conducted regular status hearings, during which the parties came to agreements regarding equitable distribution, child support, and spousal support. However, the parties could not reach an agreement on a permanent custodial allocation for their minor child. Thereafter, the family court held a final hearing on August 20, 2025, to litigate this remaining issue. Prior to the hearing, the family court viewed multiple videos submitted by the parties that portrayed their interactions with one another.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Susan K. Paugh, Esq. Mother is represented by Nicholas Forrest Colvin, Esq.

1

The family court subsequently entered its Final Divorce Order on November 10, 2025, awarding Father less than an equal (50-50) custodial allocation. The family court based its custodial allocation decision on the videos, testimony of the parties, additional evidence introduced at the hearing, and arguments of counsel. The family court ultimately found that Mother had successfully rebutted the presumption of an equal (50-50) custodial allocation. The family court specifically found that the limiting factors found in West Virginia Code § 48-9-209(f)(6) and (7) were applicable and that "Father's custodial allocation should be curtailed." The family court made six detailed findings of fact regarding Father's negative and controlling behavior toward Mother, and one finding of fact relating to Mother's negative behavior toward Father. Father was allocated custodial time with the minor child on Tuesday and Wednesday overnights on a weekly basis and Saturday and Sunday overnights on alternating weekends. Mother was allocated custodial time with the child at all other times not otherwise allocated in the holiday schedule. It is from this order that Father now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

At the outset, this Court points out that we are limited in our review to the record developed before the family court and will not address matters not presented to the family court. *See City of Huntington v. Chesapeake & Potomac Tel. Co.*, 154 W. Va. 634, 639, 177 S.E.2d 591, 595 (1970) (declining to address matter not decided by lower court); *Shaffer v. Acme Limestone Co., Inc.,* 206 W. Va. 333, 524 S.E.2d 688 (1999); *Whitlow v. Board of Education,* 190 W. Va. 223, 438 S.E.2d 15 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *PITA, LLC v. Segal,* 249 W. Va. 26, 894 S.E.2d 379 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal); *see also* W. Va. R. App. Pro. 6(a) ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal[.]"). Father's brief and argument contain references to filings made in the family court after the entry of the order on appeal. Father speculates as to Mother's motives based on these filings which are outside the record on appeal, and thus, outside the scope of this Court's review on appeal. To the extent that Father

2

introduced and relied on these filings in his arguments, this Court did not take such into consideration when making our decision.

On appeal, Father asserts two assignments of error. First, Father alleges that the family court did not properly apply the presumption of an equal 50-50 custodial allocation pursuant to West Virginia Code § 48-9-206 (2022). We disagree.

"In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). Further, "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). "Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently." *Amanda A. v. Kevin T.,* 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013).

Equal allocation of custodial responsibility is presumed to be in the best interest of children, but that presumption is rebuttable. See W. Va. Code § 48-9-102a. Further, West Virginia Code § 48-9-206(a) states, in part, that "the court shall allocate custodial responsibility so that, except to the extent required under § 48-9-209 of this code, the custodial time the child spends with each parent shall be equal (50-50)." Father argues that the family court erred in limiting his custodial time because only those factors listed in West Virginia Code § 48-9-209[a][3] justify a deviation from an equal (50-50) custodial allocation. However, Father is misguided.

---

[3] West Virginia Code § 48-9-209 (2024). Parenting plan; considerations

[a]When entering an order approving or implementing a temporary or permanent parenting plan order, including custodial allocation, the court shall consider whether a parent:

(1) Has abused, neglected, or abandoned a child, as defined by state law;

(2) Has sexually assaulted or sexually abused a child as those terms are defined in § 61-8B-1 et seq. and § 61-8D-1 et seq. of this code;

(3) Has committed domestic violence, as defined in § 48-27-202 of this code;

(4) Has overtly or covertly, persistently violated, interfered with, impaired, or impeded the rights of a parent or a child with respect to the exercise of shared authority, residence, visitation, or other contact with the child, except in the case of actions taken for the purpose of protecting the safety of the child or the interfering parent or another family member, pending adjudication of the facts underlying that belief; or

3

If a family court finds that a parent has engaged in any of the behaviors, or activities, identified in West Virginia Code § 48-9-209[a], the court is *required* to impose limits on that person's custodial time that are reasonably calculated to protect the child or parent from harm. *See* W. Va. Code § 48-9-209(b). Whereas, West Virginia Code § 48-9-209(f) requires courts to "consider all relevant factors" "in determining whether the presumption for an equal (50-50) allocation of physical custody has been rebutted" and includes a list of factors that courts are to consider in making this determination, one of which being any of "the factors set forth in [West Virginia Code § 48-9-209[a]]." However, this is not an exhaustive list. If, based upon the evidence presented, a court finds that any such factors exist, the court may conclude that the statutory presumption of an equal allocation of custodial responsibility has been rebutted and, therefore, may order less than equal (50-50) allocation of custodial responsibility.

In this case, the family court made six detailed findings of fact as to Father's demeaning and controlling behavior toward Mother, his threatening Mother's immigration status, and other negative behavior, including Father "encouraging their child to hit the Mother" while Father was "smiling and clapping his hands to celebrate the child pulling [its] Mother's hair." The family court further found that Father's testimony as to his reason for some of this behavior lacked credibility.[4] Additionally, the family court found that Mother had engaged in negative behavior toward Father, such as calling him "evil," "Hitler," "sadistic," and "Putin" while "giving him the 'middle finger.'"

Based on these findings of fact, the family court concluded that two of the West Virginia Code § 48-9-209(f) limiting factors existed: "[w]hether the parents cannot work cooperatively and collaboratively in the best interest of the child" and "[w]hether a parent will encourage and accept a positive relationship between the child and the other parent, including which parent is more likely to keep the other parent involved in the child's life and activities." W. Va. Code § 48-9-209(f)(6) and (7). Accordingly, the family court concluded that Mother had successfully rebutted the presumption of an equal (50-50) custodial allocation and granted Father less than equal allocation of custodial responsibility of the minor child. The family court had discretion to make this determination, and the family court's decision is entitled to significant deference. Based upon the record on

---

(5) Has made one or more fraudulent reports of domestic violence or child abuse: Provided, That a person's withdrawal of or failure to pursue a report of domestic violence or child support shall not alone be sufficient to consider that report fraudulent.

[4] "[A] family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility." *In re C.S.*, 251 W. Va. 147, 152, 909 S.E.2d 819, 824 (Ct. App. 2024) (citing *Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision)).

appeal, we cannot conclude that the family court erred or abused its discretion in making this determination.

Second, Father contends that the family court abused its discretion because the final order contained findings of fact that were not placed into evidence at the final hearing. Father argues that these findings were made post-hearing and based on evidence not introduced during the final hearing, and were, therefore, outside the record. We disagree.

Father argues that the family court's findings of fact in its final order should be limited to findings made on the record during the final hearing. Father cites to *Keen v. Maxey*, 193 W. Va. 423, 456 S.E.2d 550 (1995) stating that "findings of fact made by a court without evidentiary support may be ground for reversal." In this case, the court viewed videos, texts, and heard the testimony of the parties, all of which provided evidentiary support for its findings. In *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006), the SCAWV reiterated that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." The SCAWV went on to say in *Legg* that "it is clear that where a circuit court's written order conflicts with its oral statement, the written order controls." *Id.* While Father is dissatisfied with the family court's findings of fact, Father failed to demonstrate the family court's factual findings lacked evidentiary support. Therefore, based on the record before us, we cannot conclude that the family court erred, or otherwise abused its discretion, as Father contends.

Accordingly, we affirm the Family Court of Berkeley County's November 10, 2025, Final Divorce Order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

5